SAMUEL D. GAUNT, APPELLANT, *v.* J. B. PERKINS, RESPONDENT.

JUSTICE'S COURT—DEFAULT, AT WHAT HOUR TAKEN.—Where the docket of a justice of the peace shows that he rendered judgment against a defendant for want of an answer, without giving him an hour after the time specified in the summons, in which to make his appearance, such judgment will be reversed on a writ of review.

APPEAL from Yamhill County.

The respondent brought an action in a justice's court against the appellant, to recover a balance due him on an account. A summons was issued and served on the appellant, requiring him to appear "on the twenty-sixth day of March, 1879, at one o'clock in the afternoon of said day," etc. On that day the following proceedings were had be-

fore the justice, as appears by his docket: "March 26, A. D. 1879, one o'clock P. M. Cause called. The plaintiff appeared in person, and answered the call. The defendant after being called three times, came not, but wholly makes default. The plaintiff, therefore, demands judgment for the sum of one hundred and six dollars and thirty-seven cents. It is therefore ordered and adjudged by the court, in default of the appearance of defendant, that the plaintiff do have and recover judgment of the defendant for the full sum of one hundred and six dollars and thirty-seven cents," etc.

The appellant obtained a writ of review, and assigned the following among other errors: "That the justice did not give the defendant one hour in which to appear, as allowed by statute." After hearing the case, the circuit court dismissed the writ and affirmed the judgment of the justice, whereupon this appeal is taken.

*W. D. Fenton and James McCain,* for appellant.

*E. C. Bradshaw,* for respondent.

By the Court, KELLY, C. J.:

The statute regulating the manner of proceeding in justice's court (sec. 124, p. 479), is as follows: "A party is entitled to one hour, in which to make his appearance, after the time specified in the summons, and not otherwise." * * * It appears from the justice's docket that at one o'clock, the hour that the defendant was summoned to appear, he made default, and judgment was then rendered in favor of the plaintiff for the amount demanded. The justice should have waited one hour, as required by the statute, before he entered the judgment. Counsel for respondent claim that there is a legal presumption that the justice properly discharged his duty in this respect. Such is not the case where the contrary affirmatively appears.

The judgment of the circuit court, as well as the judgment of the justice's court, is reversed.